**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

MICHAEL SOUZA AND )
ELIZABETH SOUZA )
)
VS. ) C.A. No.: CA 06 55 mc
)
DOMESTIC BANK )

**PLAINTIFFS' COMPLAINT FOR VIOLATION OF FAIR CREDIT REPORTING ACT**

## I. PRELIMINARY STATEMENT

1. This Complaint is filed under the Equal Credit Opportunity Act, 15 U.S.C. §§ 1691 *et seq.* (hereinafter "ECOA") which insures that various financial institutions and other firms engaged in the extensions of credit exercise their responsibility to make credit available with fairness, impartiality, and without discrimination on the basis of sex or marital status. This action is brought to seek actual damages, statutory punitive damages, attorney's fees, costs and other relief pursuant to the ECOA.

## II. JURISDICTION

2. This Court has jurisdiction under 28 U.S.C. § 1331 (general federal question) and 15. U.S.C. §§ 1691 *et seq.*

## III. PARTIES

3. The Plaintiffs, Michael Souza and Elizabeth Souza, are natural persons residing in the town of Bristol, County of Providence, State of Rhode Island.

4. The Defendant is a federally chartered thrift institution with its principal place of business located at 815 Reservoir Avenue, Cranston, Rhode Island.

## IV. FACTUAL ALLEGATIONS

5. On May 9, 2003 Plaintiffs filed a Chapter 13 Voluntary Petition in the United States Bankruptcy Court for the District of Rhode Island.

6. In November of 2003 Plaintiff Elizabeth Souza received an unsolicited telemarketing telephone call from a representative of Defendant Domestic Bank soliciting Plaintiffs to obtain a loan to refinance their property located at 98 Greenfield Avenue, Portsmouth, Rhode Island.

7. On November 25, 2003 Plaintiffs applied for said loan in writing. The loan was to be used for personal, family, or household purposes and the loan was not made for the extension of

additional credit under an existing open end account.

8. Defendant was aware that the purpose of the loan was to allow the Plaintiffs to buy out of their Chapter 13 Bankruptcy Plan.

9. Defendant obtained Plaintiffs' credit report from the three major credit reporting agencies, to wit, TransUnion, Experian and Equifax.

10. On December 22, 2003 Defendant informed Plaintiffs through their bankruptcy attorney that their application for the refinance of the property located at 98 Greenfield Avenue, Portsmouth, Rhode Island had been approved in the amount of $201,100.00. A copy of Defendant's correspondence evidencing said approval is attached hereto as Exhibit "A."

11.On December 23, 2003 Plaintiffs filed a motion with the Bankruptcy Court to enter into a mortgage loan with Defendant Domestic Bank and to use the proceeds to pay off the Chapter 13 Plan.

12. On December 31, 2003, after consideration of the Plaintiffs' motion, the Bankruptcy Court entered an Order granting the Plaintiffs' motion to borrow. A copy of the Order is attached hereto as Exhibit "B."

13. 15 U.S.C. § 1691(d)(1) requires a creditor to notify a credit applicant within thirty days after receipt of a completed application for credit of its action on the application.

14. On February 5, 2004 Defendant notified Plaintiffs that Plaintiff's loan application had been rejected. A copy of the notification entitled "Statement of Credit Denial, Termination, or Change" is attached hereto as Exhibit "C." Said notification was a violation of the "thirty day" requirement of 15 U.S.C. § 1691(d)(1).

15. 15 U.S.C. § 1691(d)(2) requires that each applicant against whom adverse action is taken shall be entitled to a statement of reasons for such action from the creditor.

16. 15 U.S.C. § 1691(d)(3) states that a statement of reasons meets the requirement described above only if it contains the specific reasons for the adverse action taken.

17. Defendant's February 5, 2004 Statement of Credit Denial, Termination, or Change stated that Defendant's decision to deny Plaintiffs loan application was based on delinquent credit obligations, garnishment, attachment, foreclosure, repossession, or suit.

18. Defendant's February 5, 2004 Statement of Credit Denial, Termination, or Change violated 15 U.S.C. § 1691(d)(2) and (3) in that it misrepresented the actual reasons for the denial of Plaintiffs' loan application.

19. Defendant's misrepresentation as described above was done wantonly, maliciously, oppressively or in reckless disregard of the requirements of the law and, as such, Plaintiffs are

entitled to an award of punitive damages pursuant to 15 U.S.C. § 1691e.

20. As a result of Defendant's delay in providing the notice in the time frame mandated by 15 U.S.C. § 1691(d)(1), Plaintiffs were damaged in that their refinancing fell through, their bankruptcy case was converted to a Chapter 7 case and their home which they had hoped to keep had to be sold to avoid foreclosure.

**V. CLAIMS FOR RELIEF**

WHEREFORE, Plaintiffs request judgment for actual damages, statutory punitive damages in the amount of $10,000.00, reasonable attorney's fees and costs and such other and further relief as the Court may deem proper.

PLAINTIFFS HEREBY DEMAND TRIAL BY JURY.

MICHAEL J. SOUZA AND
ELIZABETH SOUZA
By Their Attorneys
CLAUDE LEFEBVRE
CHRISTOPHER M. LEFEBVRE, P.C.

Joseph E. Marran III #3971
P.O. Box 479
Pawtucket, RI 02862
Tel. (401) 728-6060
Fax. (401) 728-6534