**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **MICHAEL SOUZA AND** | : | |
| **ELIZABETH SOUZA** | : | |
| | : | |
| **VS.** | : | **CA. No. 0655 ML** |
| | : | |
| **DOMESTIC BANK** | : | |

**DEFENDANT'S ANSWER TO**
**PLAINTIFFS' COMPLAINT**

Defendant Domestic Bank ("Domestic"), hereby responds to the allegations contained in the Complaint of Plaintiffs Michael Souza and Elizabeth Souza (the "Souza's) as follows:

1. The statements contained in paragraph 1 constitute legal conclusions for which no response is required. To the extent the statements contain factual allegations they are denied.

2. The statements contained in paragraph 2 constitute legal conclusions for which no response is required. To the extent the statements contain factual allegations they are denied.

3. Domestic is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 3 of Plaintiffs' Complaint.

4. Domestic admits that it is a federally chartered bank with a principal place of business located at 815 Reservoir Avenue, Cranston, Rhode Island.

5. Domestic admits the allegations in Paragraph 5 of Plaintiffs' Complaint.

6. Domestic is presently without knowledge or information sufficient to form a belief as to the allegations in Paragraph 6 of Plaintiffs' Complaint and therefore, must deny the same.

7. Domestic is presently without knowledge or information sufficient to form a belief as to the allegations in Paragraph 7 of Plaintiffs' Complaint and therefore, must deny the same.

8. Domestic was aware that Plaintiffs were attempting to refinance for the purpose of paying the remaining amounts due under their Chapter 13 Plan.

9. Domestic admits that it obtained credit information from the three major credit bureaus in the form of a merged report. Domestic is presently without sufficient

information to confirm that it obtained three separate credit reports as alleged by the Plaintiffs and therefore, must deny that allegation at this time.

10. The document annexed as Exhibit "A" to the Complaint speaks for itself and Domestic denies any allegations inconsistent with said document.

11. Domestic admits that the Plaintiffs, through Attorney Iascone, sought approval from the Bankruptcy Court to borrow $201,100.00 from Domestic for the purposes of paying off their secured creditors and the amounts due under their Chapter 13 Plan.

12. Domestic admits the allegations contained in paragraph 12.

13. The statements contained in paragraph 13 constitute legal conclusions for which no response is required. To the extent the statements contain factual allegations they are denied.

14. The document annexed as Exhibit "C" to the Complaint speaks for itself and Domestic denies any allegations inconsistent with said document. Domestic admits that it sent the document annexed as Exhibit "C" to the Plaintiffs' and denies the remaining allegations and/or characterizations contained in paragraph 14 of the Complaint.

15. The statements contained in paragraph 15 constitute legal conclusions for which no response is required. To the extent the statements contain factual allegations they are denied.

16. The statements contained in paragraph 16 constitute legal conclusions for which no response is required. To the extent the statements contain factual allegations they are denied.

17. The document annexed as Exhibit "C" to the Complaint speaks for itself and Domestic denies any allegations inconsistent with said document. Domestic admits that it sent the correspondence annexed as Exhibit "C" to the Plaintiffs and denies the remaining allegations and/or characterizations contained in paragraph 17 of the Complaint.

18. The statements contained in paragraph 18 constitute legal conclusions for which no response is required. To the extent the statements contain factual allegations they are denied.

19. Domestic denies that the allegations contained in paragraph 19.

20. Domestic denies that the allegations contained in paragraph 20.

21. Domestic denies that the allegations contained in paragraph 21.

**WHEREFORE**, Domestic demands the entry of a judgment in its favor and against the Souza's dismissing the complaint, with prejudice, awarding to Domestic its costs of suit and such other and further relief as the Court deems fair and just.

## Affirmative Defenses

1. Plaintiff has failed to state a claim upon which relief may be granted.
2. Plaintiff hereby asserts the affirmative defense of Laches.
3. Plaintiffs have waived any claims against Domestic.
4. Plaintiffs' claims are barred by applicable statute of limitations.
5. Plaintiffs' claims are barred by their failure to schedule said claims in their bankruptcy prior to discharge.
6. Plaintiffs' claims are barred by their failure to mitigate.
7. Plaintiffs' claimed damages are the result of their own negligence or the negligence of their agent.
8. Plaintiffs' claims are barred by the doctrine of estoppel.
9. 15 U.S.C. §1691e(e).

Respectfully submitted,
Domestic Bank, Defendant
By its attorneys:

Thomas E. Carlotto, #6088
Shechtman Halperin Savage, LLP.
1080 Main Street
Pawtucket, RI 02860
(401) 272-1400
(401) 272-1403 fax
tcarlotto@shslawfirm.com

Dated: February 27, 2006

**CERTIFICATE OF SERVICE**

On the 27th day of February 2006, I have caused to be served a true and accurate copy of the foregoing ***Answer*** by regular mail, postage prepaid to Joseph E. Marran, III, Attorney General's Office, 150 Main Street, Providence, RI 02903.

Michele E. Sisson