**HEARING DATE: SEPTEMBER ____, 2006**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MICHAEL SOUZA AND<br>ELIZABETH SOUZA | : | |
| | : | |
| VS. | : | CA. No. 0655 ML |
| | : | |
| DOMESTIC BANK | : | |

**DEFENDANT'S MOTION FOR PROTECTIVE ORDER AS TO PLAINTIFFS, MICHAEL AND ELIZABETH SOUZA'S NOTICE OF DEPOSITION (DOMESTIC BANK)**

Now comes the Defendant in the above-captioned action, Domestic Bank ("Domestic and/or Defendant"), and pursuant to Fed. R. Civ. P. 26(c), 30(d)(2) - (4), 30(b)(5) and 30(b)(6), hereby moves for a protective order limiting the scope of examination of a designee(s) of Domestic Bank. Said Motion is in response to the Plaintiffs' Notice of Deposition and an Attached Schedule A recently served by Plaintiffs, Michael and Elizabeth Souza ("Plaintiffs") and directed to Domestic Bank. The Notice of Deposition and "Schedule A" are attached hereto as Defendant's Exhibit A. The Defendant, Domestic asks that the Court limit the nature and scope of the Plaintiffs' examination under said notices. It sets forth its arguments below.

**Germane Facts and Background**

The Plaintiffs have brought a claim against the Defendant alleging a violation of the Equal Credit Opportunity Act, 15 USC 1691 et. seq. In November of 2003 the Plaintiffs received a telemarketing call from Domestic. At the time, the Plaintiffs had other mortgages outstanding on their home, which were delinquent, and other outstanding personal debts. At the

time of the inquiry, the Plaintiffs had already filed for Bankruptcy under Chapter 13 and were looking for a way to consolidate their debts and to pay off the amounts owed under their Chapter 13 Plan. After an initial assessment by the Bank on December 22, 2003 that the Plaintiffs would qualify for re-financing on their home, additional processing of the loan in January of 2004 by Domestic revealed that it could not accept the Plaintiffs' application and rejected same. Notice was sent to the Plaintiffs on or about February 2, 2004, wherein Domestic set forth its specific reasons for the adverse action as to the consolidation mortgage/loan application. The Plaintiffs claim a technical rather than a substantive violation of 12 USC 1691, specifically a violation of subsections (d)(1), (2) and (3). The Defendant has denied all allegations in its Answer.

## Legal Argument

I. Plaintiffs' 30(b)(6) Notice:

Domestic's position as to the Plaintiffs' 30(b)(6) Notice of Deposition is that same violates the spirit of said Rule as it would, in effect, require the production or examination of multiple employees and/or agents of Domestic Bank. Further the Notice, in fact, would require the production and appearance of independent individuals and non-employees of the Bank, over whom the Bank has no control.

Fed. R. Civ. P. Rule 30(b)(6) states in pertinent part that "...the organization so named shall designate one or more officers, directors, or managing agents...to testify on its behalf." The nature and scope of the Plaintiffs' notice violates this provision. There are some forty-one (41) subsections to the attached notice, asking for testimony about many different areas regarding the instant litigation. As worded, the Plaintiffs seek persons most knowledgeable as to each of these subsections. It does not request that the person(s) so designated by Domestic identify a

person in the Bank who may have knowledge concerning that subsection. The notice, as worded, would require the Bank to produce, at a minimum, the following employees and/or persons: (a) its telemarketer; per paragraph (3); (b) the person who executed the loan processing check list, per paragraph (4); (c) the independent appraiser who performed the initial appraisal for the loan application, who is not an employee of the Bank and over whom the Bank has no control, per paragraph (5); (d) the person who performed the title run down on the Plaintiffs' property, per paragraph (7); ( e) the person who provided training as to Truth in Lending, per paragraph (11); (f) any employee or clerk who checks for any clerical errors in loan applications, per paragraph (12); (g) the Banks internal appraiser, per paragraph (13); the person who has most knowledge as to any attempted short pay agreements with the Plaintiffs, per paragraph (15); and (h) the Banks underwriter for the loan application, per paragraph (17). This list is not exhaustive. Without going through the whole list of subsections, the Defendant maintains that the Plaintiffs' Notice will require Domestic to produce, at a minimum, ten to fifteen persons/employees with the "most knowledge" of the designated areas of inquiry, some of whom are not even the Banks own employee's and/ or agents. Moreover, the Bank's employees who may have the most knowledge as to each subject matter listed are not the "organizations", "officers, directors or managing agents". Rule 30(b)(6) calls for the "organization" to produce one or more of its people "in charge" who know, generally, most about this case. It does not contemplate the depositions of individual witnesses, as called for by the Plaintiffs. The proper mechanism for individual witness depositions is Fed. R. Civ. P. Rule 30(a).

In sum, the areas of inquiry are too specific and numerous for Domestic, in good faith, to designate a corporate manager or the like that has "most knowledge" as to the forty-one (41) subsections listed. The Rule does not call for the entire organization and its employees to be

produced. Thus, the Plaintiffs' Notice is overly broad and burdensome and is oppressive, in violation of Rule 26(c).

The Defendant, Domestic, represents that the following paragraphs of inquiry are sufficiently non-specific enough for them to designate "an officer" for the 30(b)(6) deposition, subject to appropriate objections based on relevance to the alleged 15 USC 1691 violations, privilege, work product and the like: 1, 2, 9, 18, 20, 23, 26-29 and 35. As to all other areas of inquiry, the Plaintiff must issue individual deposition notices in accordance with Rule 30(a).

II. Plaintiffs Schedule A:

Domestic asserts that the Plaintiffs' "Schedule A" requires the examination of "many and complex documents" during the Rule 30(b)(5) and (6) deposition, thereby causing an undue burden to Domestic. See, Advisory Committee Note on Rule 30(b)(5), attached hereto as Defendant's Exhibit B. The "Schedule A" is an exact copy of the Plaintiffs' Request for Production certified on August 3, 2006. Domestic will reply to said request subject to appropriate objections. To allow the Plaintiffs to inquire as to the production of some thirty-two (32) areas of documentation would result in a prolonged and protracted deposition which could literally last for days. The proper method of document discovery, therefore, is pursuant to Rule 34, not Rule 30(b)(5). Again, the Plaintiffs "buck shot" approach to discovery is oppressive and unduly burdensome. See, Fed. R. Civ. P., Rule 26. After production and reply by Domestic in accordance with Rule 34, if the Plaintiffs so desire, they may issue subsequent witness deposition notices to obtain information and testimony as to the documents produced. Thus, Domestic requests that the discovery as to the documents in Plaintiffs' "Schedule A" take place "...via Rule 34 "alone". See, Advisory Committee Note, Defendant's Exhibit C.

In addition, many of the Plaintiffs' requests in their "Schedule A" are objectionable. Requests numbered 5, 6, 7, 9, 15, 16, 21 and 29 are all objectionable on one or more of the following grounds: Same are overly broad, are irrelevant and immaterial, are protected by privilege, constitute the disclosure of work product and/or items made in anticipation of litigation and violate the discovery deadlines issued by the Court.

Further, Domestic asserts that the areas of production are too numerous and too particular for the Bank to designate any one "officer" who has the "most knowledge" with respect to each. To permit the production of items 1-31 in "Schedule A" and to allow inquiry thereof would be unfair and unduly burdensome and oppressive to Domestic.

WHEREFORE, Domestic requests that a Protective Order be issued by the Court, limiting the nature and extent of the scope of discovery as set fort in the Plaintiffs' Notice and "Schedule A" and grant any other and further relief that that the Court deems fair and just.

Respectfully submitted,
Defendant,
DOMESTIC BANK
By its attorneys:

*/s/ Steven J. DeLuca*______________
Steven J. DeLuca, Esquire #4192
Shechtman Halperin Savage, LLP
1080 Main Street
Pawtucket, RI 02860
(401) 272-1400 Telephone
(401) 272-1403 Facsimile

Dated: August 28, 2006

**NOTICE OF HEARING**

PLEASE TAKE NOTICE that this Motion shall be called for hearing on **September ___, 2006 at 9:30 a.m.** in the Unite States District Court for the District of Rhode Island, One Exchange Terrace, Providence, Rhode Island, or as soon thereafter as it may be heard.

*/s/ Steven J. DeLuca*________________
Steven J. DeLuca

**RULE 26(c) CERTIFICATION**

I certify that I have in good faith conferred to no avail with the Plaintiffs' counsel, Joseph E. Marran, III, Esq. in an effort to limit the scope of the deposition of Domestic Bank without the necessity of court action.

*/s/ Steven J. DeLuca*____________________
Steven J. DeLuca

**CERTIFICATE OF SERVICE**

***I HEREBY CERTIFY*** that on this 28th day of August, 2006, I served a true copy of the within Motion for Protective Order via first-class mail, postage prepaid to the following counsel of record:

Joseph E. Marran, III, Esquire
Law Offices of Claude Lefebvre & Sons
P.O. Box 479
Pawtucket, RI 02862

*/s/ Steven J. DeLuca*____________________
Steven J. DeLuca