**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| MICHAEL SOUZA AND<br>ELIZABETH SOUZA | ) <br>) <br>) | |
| VS. | ) | C.A. No.: 06-55ML |
| DOMESTIC BANK | ) <br>) | |

## NOTICE OF DEPOSITION OF DOMESTIC BANK

**TO:** Thomas E. Carlotto, Esq.
Shechtman, Halperin & Savage, LLP
86 Weybosset Street
Providence, RI 02903

Pursuant to Rule 30(b)(5) and (b)(6) of Federal Rules of Civil Procedure, the Plaintiffs, Michael Souza and Elizabeth Souza, will take the deposition on oral examination of **Domestic Bank** at the law office of Claude F. Lefebvre, Christopher M. Lefebvre, P.C., Two Dexter Street, Pawtucket, Rhode Island on **September 8, 2006 at 2:00 P.M.** which deposition will continue from day to day until completed, before a qualified Notary Public. You are invited to attend and examine said witness.

**Domestic Bank** is required, pursuant to Rule 30(b)(5) and (b)(6), to designate one or more officers, directors, managing agents, or other persons who consent to testify on its behalf with respect to the following matters and produce the documents requested in the Request For Production and/or Inspection of Documents filed contemporaneously herewith, a copy of which is attached hereto as Exhibit "A."

(1) Person(s) most knowledgeable with all aspects of the pending litigation between Plaintiffs and Defendant as referenced in Plaintiff's Complaint and Defendant's Answer including all of the the allegations, assertions, and/or affirmative defenses raised in both Plaintiffs' Complaint and Defendant's Answer;

(2) Person(s) most knowledgeable with the identification of all of Defendant's loan officers, team leaders, sales managers, salespeople, employees, managers, department heads, agents and directors who were involved in any way, shape or form with any aspect of Plaintiffs' application to refinance their property located at 98 Greenfield Avenue, Portsmouth, Rhode Island.

(3) Person(s) most knowledgeable with the identity of Defendant's agent, employee or representative who made the initial telemarketing call to Plaintiffs soliciting Plaintiffs to obtain a loan to refinance their property located at 98 Greenfield Avenue, Portsmouth, Rhode Island.

cc: GPS
client

received 8/10/06

(4) Person(s) most knowledgeable with Defendant's preparation of a loan processing checklist relative to Plaintiffs' application to obtain a loan to refinance their property located at 98 Greenfield Avenue, Portsmouth, Rhode Island.

(5) Person(s) most knowledgeable with the initial appraisal of Plaintiffs' property located at 98 Greenfield Avenue, Portsmouth, Rhode Island in conjunction with Plaintiffs' application to obtain a loan to refinance said property.

(6) Person(s) most knowledgeable with Defendant's obtaining Plaintiffs' credit reports from the three (3) major credit reporting agencies, to wit, TransUnion, Experian and Equifax, in conjunction with Plaintiffs' application to obtain a loan to refinance their property located at 98 Greenfield Avenue, Portsmouth, Rhode Island.

(7) Person(s) most knowledgeable with the title rundown on the property located at 98 Greenfield Avenue, Portsmouth, Rhode Island conducted on or about January 26, 2004.

(8) Person(s) most knowledgeable with the initial notification of Plaintiffs and/or their bankruptcy attorney that Plaintiffs' application for the refinance of their property located at 98 Greenfield Avenue, Portsmouth, Rhode Island had been approved.

(9) Person(s) most knowledgeable with Defendant's lending policy relative to consumer loans, including consumer loans for the refinancing of property.

(10) Person(s) most knowledgeable with the Defendant's formal commitment letter process in existence at the time of Plaintiff's loan application to refinance their property located at 98 Greenfield Avenue, Portsmouth, Rhode Island and any formal commitment letter to Plaintiffs and/or their bankruptcy attorney relative to Plaintiffs' loan application.

(11) Person(s) most knowledgeable with the Defendant providing its loan agents or other employees involved with Plaintiffs' loan application to refinance their property, with instruction and/or training as to the required disclosures under the Federal Truth in Lending Act.

(12) Person(s) most knowledgeable with Defendant's procedures, if any, implemented to avoid clerical errors with regard to the requirements of the Federal Truth in Lending Act relative to consumer loan applications for refinance of property.

(13) Person(s) most knowledgeable with all actions of Defendant's internal appraiser relative to preparation to go out to Plaintiffs property and actually going to said property to view same and review the initial appraisal conducted by Stephen Bourque, AppraisalOne, subsequent to the receipt by Defendant of said initial appraisal.

(14) Person(s) most knowledgeable with the Order of the bankruptcy court granting Plaintiffs' motion to borrow for the purpose of entering into a mortgage load with Defendant.

(15) Person(s) most knowledgeable with all actions by Plaintiff(s) to negotiate some short

pays with the mortgages on the title to the property located at 98 Greenfield Avenue, Portsmouth, Rhode Island.

(16) Person(s) most knowledgeable with the actions of Defendant, its agents, employees or representatives to negotiate some short pays with all three of the mortgages on the title to the property located at 98 Greenfield Avenue, Portsmouth, Rhode Island in an effort to lower exposure to Defendant bank.

(17) Person(s) most knowledgeable with the Defendant obtaining a Fannie Mae underwriting report relative to Plaintiffs' application to obtain a loan to refinance their property.

(18) Person(s) most knowledgeable with the ultimate decision to deny credit and the actual denial of credit to Plaintiffs in connection with their loan application to refinance their property located at 98 Greenfield Avenue, Portsmouth, Rhode Island including the issuance of a formal denial letter or Statement of Credit Denial, Termination, or Change.

(19) Person(s) most knowledgeable with the existence and contents of Defendant's "Domestic Collateral Checklist"/appraisal review conducted by the underwriter in connection with Plaintiffs' loan application to refinance their property located at 98 Greenfield Avenue, Portsmouth, Rhode Island.

(20) Person(s) most knowledgeable with all disclosure statements or other notices of Plaintiffs' rights relative to their consumer loan application with Defendant.

(21) Person(s) most knowledgeable with all telephone log sheets or other internal memoranda or notes of Defendant concerning Plaintiffs' consumer loan application with Defendant.

(22) Person(s) most knowledgeable with all electronic mail or related documents relative to Plaintiffs' consumer loan application with Defendant.

(23) Person(s) most knowledgeable with all operating manuals, memoranda, or other documents concerning internal procedures of Defendant relative to consumer loan applications, including consumer loans to refinance property.

(24) Person(s) most knowledgeable with all documents summarizing or memorializing any oral communications between Plaintiff(s) and Defendant related to or in any way connected with Plaintiffs' consumer loan application.

(25) Person(s) most knowledgeable with all documents used in any training Defendant's employees had received at the time of the Plaintiffs' consumer loan application with Defendant.

(26) Person(s) most knowledgeable with documents relating to any internal procedures Defendant used at the time of the Plaintiffs' consumer loan application with Defendant: (a) to insure that Defendant's employees were complying with the Truth in Lending Act; (b) to apprise

Defendant of possible violations of the Truth in Lending Act.

(27) Person(s) most knowledgeable with all documents prepared in connection with or relating to all actions taken by any person acting on Defendant's behalf to ensure Defendant's compliance with the Truth in Lending Act relative to Plaintiffs' consumer loan application with Defendant.

(28) Person(s) most knowledgeable with all documents containing or relating to any Truth in Lending disclosures provided to Plaintiffs relative to their consumer loan application with Defendant.

(29) Person(s) most knowledgeable with all documents prepared in connection with or relating to any actions Defendant took to ensure that Plaintiffs were provided with Truth in Lending disclosures in the transactions.

(30) Person(s) most knowledgeable with the outside and inside front of Defendants' file folder relative to Plaintiffs' consumer loan application with Defendant.

(31) Person(s) most knowledgeable with the loan officer's Loan Processing Checklist used in connection with Plaintiffs' consumer loan application with Defendant.

(32) Person(s) most knowledgeable with the initial appraisal of Plaintiffs' property conducted in connection with Plaintiffs' consumer loan application with Defendant.

(33) Person(s) most knowledgeable with the invoice for the payment to the appraisal company for the initial appraisal of Plaintiffs' property conducted in connection with Plaintiffs' consumer loan application with Defendant.

(34) Person(s) most knowledgeable with the Report of Title Examiner relative to Plaintiffs' property located at 98 Greenfield Avenue, Portsmouth, Rhode Island conducted on or about January 26, 2004.

(35) Person(s) most knowledgeable with any and all documents in Defendant's possession, custody or control which contain reference to Plaintiffs' Chapter 13 Bankruptcy case.

(36) Person(s) most knowledgeable with the good faith estimate generated at the beginning of Plaintiffs' consumer loan application process to disclose to the borrowers the cost of the loan.

(37) Person(s) most knowledgeable with any and all documents containing any admissions against interest made by Plaintiff(s) pertinent to the subject matter of this litigation.

(38) Person(s) most knowledgeable with any and all documents in Defendant's possession, custody or control, relative to any communication between loan officer Dorothy Vieira and Senior Loan Officer Michael S. Almeida regarding Plaintiffs' consumer loan

application with Defendant, including communication with Plaintiffs' bankruptcy attorney Peter Iascone.

(39) Person(s) most knowledgeable with Defendant's attempt to negotiate some short pays with all three of the mortgages on the title to Plaintiffs' property in an effort to lower exposure to the bank.

(40) Person(s) most knowledgeable with Defendant's communication with its internal appraiser regarding his going out to Plaintiffs' property to view same and review the initial appraisal conducted by Stephen Bourque, AppraisalOne, subsequent to the receipt by Defendant of said initial appraisal.

(41) Person(s) most knowledgeable with any and all documents relative to the actions taken by Defendant's internal appraiser regarding Plaintiffs' consumer loan application with Defendant.

MICHAEL J. SOUZA AND
ELIZABETH SOUZA
By Their Attorneys
CLAUDE LEFEBVRE
CHRISTOPHER M. LEFEBVRE, P.C.

Joseph E. Marran III #3971
P.O. Box 479
Pawtucket, RI 02862
Tel. (401) 728-6060
Fax. (401) 728-6534

CERTIFICATION

I hereby certify that on the 3 day of August, 2006 I did send a copy of the within NOTICE OF DEPOSITION by regular mail, postage prepaid, to Thomas E. Carlotto, Esq., Shechtman, Halperin & Savage, LLP, 86 Weybosset St., Providence, RI 02903.

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| MICHAEL SOUZA AND<br>ELIZABETH SOUZA | ) | |
| | ) | |
| VS. | ) | C.A. No.: 06-55ML |
| | ) | |
| DOMESTIC BANK | ) | |

**PLAINTIFFS' REQUEST FOR PRODUCTION AND/OR INSPECTION OF DOCUMENTS PROPOUNDED TO DEFENDANT**

Now come the Plaintiffs in the above-entitled matter and, pursuant to Rule 34 of the Federal Rules of Civil Procedure, hereby request the Defendant to produce and/or allow Plaintiffs' counsel to inspect and/or copy at the law offices of Claude F. Lefebvre, Christopher M. Lefebvre, P.C., Two Dexter Street, Pawtucket, Rhode Island 02860, within thirty (30) days hereof the following:

(1) Any and all documents memorializing the initial telephone conversation between Defendant's agent, employee or representative (hereinafter "Defendant") and Plaintiff(s) soliciting Plaintiffs to obtain a loan to refinance their property located at 98 Greenfield Avenue, Portsmouth, Rhode Island (hereinafter "property").

(2) All credit applications and credit reports pertaining to Plaintiffs' loan application with Defendant.

(3) All disclosure statements or other notices of Plaintiffs' rights relative to Plaintiffs' consumer loan application with Defendant. ✓

(4) All correspondence of any kind between Defendant and Plaintiffs concerning their loan application.

(5) All telephone log sheets or other internal memoranda or notes of Defendant concerning Plaintiffs' loan application with Defendant.

(6) All electronic mail or related documents concerning Plaintiffs loan application with Defendant.

(7) All operating manuals, memoranda, or other documents concerning internal procedures of Defendant relative to consumer loan applications, including consumer loans to refinance property. ✓

(8) All documents summarizing or memorializing any oral communications between Plaintiff(s) and Defendant related to or in any way connected with Plaintiffs' consumer loan

cc: GPS client

received 8/10/06

application.

(9) All documents containing or relating to any written communications between Defendant and any third party in connection with the consumer loan application involving Plaintiffs.

(10) All documents used in any training Defendant's employees had received at the time of the Plaintiffs' consumer loan application with Defendant.

(11) All documents relating to any internal inspection procedures Defendant used at the time of the Plaintiffs' consumer loan application with Defendant:
(a) to insure that Defendant's employees were complying with the Truth in Lending Act;
(b) to apprise Defendant of possible violations of the Truth in Lending Act.

(12) All documents prepared in connection with or relating to all actions taken by any person acting on Defendant's behalf to ensure Defendant's compliance with the Truth in Lending Act relative to Plaintiffs' consumer loan application with Defendant.

(13) All documents containing or relating to any Truth in Lending disclosures provided to Plaintiffs relative to their consumer loan application with Defendant.

(14) All documents prepared in connection with or relating to any actions Defendant took to ensure that Plaintiffs were provided with Truth in Lending disclosures in the transactions.

(15) A copy of the outside and inside front of Defendants' file folder relative to Plaintiffs' consumer loan application with Defendant.

(16) All documents Defendant intends to introduce in evidence at trial.

(17) A copy of the loan officer's Loan Processing Checklist used in connection with Plaintiffs' consumer loan application with Defendant.

(18) A copy of the initial appraisal of Plaintiffs' property conducted in connection with Plaintiffs' consumer loan application with Defendant.

(19) A copy of the invoice for the payment to the appraisal company for the initial appraisal of Plaintiffs' property conducted in connection with Plaintiffs' consumer loan application with Defendant.

(20) Report of Title Examiner relative to Plaintiffs' property located at 98 Greenfield Avenue, Portsmouth, Rhode Island conducted on or about January 26, 2004.

(21) Any and all documents in Defendant's possession which contain reference to Plaintiffs' Chapter 13 Bankruptcy Case.

(22) Copy of the application approval letter forwarded to Plaintiffs and/or their bank-

ruptcy attorney Peter Iascone on or about December 22, 2003 relative to Plaintiffs' application for the refinance of the property.

(23) Copy of formal commitment letter used by Defendant in connection with Plaintiffs' consumer loan application.

(24) Copy of good faith estimate generated at the beginning of Plaintiffs' consumer loan application process to disclose to the borrowers the cost of the loan.

(25) Copy of Fannie Mae underwriting report generated relative to Plaintiffs' consumer loan application with Defendant.

(26) Copy of Defendant's Statement of Credit Denial, Termination, or Change to Plaintiffs in connection with their consumer loan application with Defendant.

(27) Copy of Domestic Collateral Review Checklist relative to appraisal review conducted by underwriter.

(28) Copy of any and all documents containing any admissions against interest made by Plaintiff(s) pertinent to the subject matter of this litigation.

(29) Copy of any and all documents in Defendant's possession, custody or control, relative to any communication between loan officer Dorothy Vieira and Senior Loan Officer Michael S. Almeida regarding Plaintiffs' consumer loan application with Defendant, including communication with Plaintiffs' bankruptcy attorney Peter Iascone.

(30) Any and all documents relative to Defendant's attempt to negotiate some short pays with all three of the mortgages on the title to Plaintiffs' property in an effort to lower exposure to the bank.

(31) Any and all documents relative to Defendant's communication with its internal appraiser regarding his going out to Plaintiffs' property to view same and review the initial appraisal conducted by Stephen Bourque, AppraisalOne, subsequent to the receipt by Defendant of said initial appraisal.

(32) Any and all documents relative to the actions taken by Defendant's internal appraiser regarding Plaintiffs' consumer loan application with Defendant.

MICHAEL J. SOUZA AND
ELIZABETH SOUZA
By Their Attorneys
CLAUDE LEFEBVRE
CHRISTOPHER M. LEFEBVRE, P.C.

Joseph E. Marran III #3971
P.O. Box 479
Pawtucket, RI 02862
Tel. (401) 728-6060
Fax. (401) 728-6534

CERTIFICATION

I hereby certify that on the 3 day of August, 2006 I did send a copy of the within REQUEST FOR PRODUCTION by regular mail, postage prepaid, to Thomas E. Carlotto, Esq., Shechtman, Halperin & Savage, LLP, 86 Weybosset St., Providence, RI 02903.