**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| MICHAEL SOUZA AND | : | |
| ELIZABETH SOUZA | : | |
| | : | |
| VS. | : | C.A. No.: 06-0055-ML |
| | : | |
| DOMESTIC BANK | : | |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' OBJECTION TO DEFENDANT'S MOTION FOR PROTECTIVE ORDER**

This memorandum of law is filed in support of Plaintiffs' Objection to Defendant's motion for a protective Order in response to Plaintiffs' Notice of Deposition of Defendant Domestic Bank.

**FACTS AND TRAVEL OF THE CASE**

Plaintiffs' Complaint is filed under the Equal Credit Opportunity Act, 15 U.S.C. §§ 1691 *et seq.* (hereinafter "ECOA") which insures that financial institutions engaged in the extension of credit do so with fairness, impartiality and without discrimination on the basis of sex or marital status. Plaintiffs, subsequent to their filing a Chapter 13 Voluntary Petition in the United States Bankruptcy Court for the District of Rhode Island, received an unsolicited telemarketing call from Defendant soliciting Plaintiffs to obtain a loan to refinance their real property. On November 25, 2003 Plaintiffs applied for said loan in writing.

Defendant informed Plaintiffs that it was very interested in proceeding with the loan. It conducted appraisals of Plaintiffs' property at Plaintiffs' expense and subsequently informed them that the loan was approved by Defendant and, furthermore, that the $275,000.00 appraised value was within the ratios of the loan to value that they would approve.

Defendant was aware that the purpose of the loan was to allow the Plaintiffs to "buy out" of their Chapter 13 Bankruptcy Plan. On December 22, 2003 Defendant informed Plaintiffs through their bankruptcy attorney that their application for the refinance of their property had been approved in the amount of $210,000.00. A day later, Plaintiffs filed a motion with the Bankruptcy Court for approval to enter into a mortgage refinance with Defendant and to use the proceeds to pay off their Chapter 13 Plan. On December 31, 2003 the Bankruptcy Court granted Plaintiffs' motion to borrow. Plaintiffs reasonably relied on Defendant's subsequent representations that a closing on the loan was imminent.

On February 4, 2004, more than two months after the beginning of the loan process and more than a month after receiving a commitment letter, Defendant informed Plaintiffs over the telephone that it had had a change of heart and "did not feel comfortable" with the loan to value ratio.

On February 5, 2004 Defendant informed Plaintiff by way of a Statement of Credit Denial, Termination or Change that Plaintiffs' loan application had been rejected and, furthermore, that the rejection was based on delinquent credit obligations, garnishment, attachment, foreclosure, repossession or suit.

Plaintiffs allege in their Complaint that Defendant misrepresented the actual reasons for the denial of Plaintiffs' loan application in violation of the ECOA. Plaintiffs further allege that Defendant's misrepresentation was done wantonly, maliciously, oppressively or in reckless disregard of the requirements of the law thus entitling Plaintiffs to the award of punitive damages. Finally, Plaintiffs allege that, as a result of Defendant's delay in providing the notice in the time frame mandated by 15 U.S.C. § 1691(d)(1), Plaintiffs were damaged in that their refinancing fell

through, their bankruptcy case was converted to a Chapter 7 case and their home which they had hoped to keep had to be sold to prevent foreclosure.

On August 3, 2006 Plaintiffs served a Notice of Deposition, pursuant to F.R.C.P. 30 (b)(6), along with a Request for Production of Documents pursuant to F.R.C.P. 30 (b)(5) upon Defendant's attorney. On August 28, 2006 Defendant filed a Motion for Protective Order requesting that this Honorable Court limit the nature and scope of the Plaintiffs' examination.[1]

**ARGUMENT AND LAW**

Plaintiffs' Notice of Deposition and Request for Production of Documents are in compliance with the requirements of the Federal Rules of Civil Procedure, as to nature and scope, relevance and materiality. Accordingly Defendant's Motion for Protective Order should be denied.

In Calzaturfico S.C.A.R.P.A. S.P.A. vs. Fabiano Shoe Company, Inc., 201 F.R.D. 33 (D.Ma. 2001) an Italian footwear manufacturer brought a breach of contract action against an American distributor to recover amounts allegedly due on unpaid invoices for footwear. The Court held that in preparing to be deposed as designated representatives of the defunct company, its former managers had the obligation to review all documents that were in their control, including the tax returns and related documents that were in the physical possession of the company's accountant.

Furthermore, where the corporate designees failed to educate themselves about topics about which they would be questioned in the deposition, the appropriate sanction was to require

[1] A copy of the Notice of Deposition and Request for Production of Documents is appended to Defendant's Motion for Protective Order.

that the corporation re-designate its witnesses and mandate their preparation for re-deposition. The Court stated that even if corporate documents are voluminous and the review of those documents would be burdensome, the deponents who are corporate designees are still required to review them in order to prepare themselves to be deposed; such preparation is necessary because the individuals so deposed are required to testify to the knowledge of the ***corporation*** [*emphasis added*], not the individual. Id. at 37.

Defendant's argument[2] that Plaintiffs' Notice of Deposition would require the production or examination of multiple employees and/or agents of Domestic Bank and, furthermore, the production and appearance of independent individuals and non-employees of Domestic Bank over whom the Bank has no control is misplaced. The testimony elicited at a Rule 30(b)(6) deposition represents the knowledge of the corporation, not of the individual deponents. Paul Revere Life Insurance Company v. Jafari, M.D., 206 F.R.D.126 (D.Md. 2002). If persons designated by the corporation do not possess personal knowledge of the matters set out in the deposition notice, the corporation is obligated to prepare the designees so that they may give knowledgeable and binding answers for the corporation. Id. at 127. "Producing an unprepared witness is tantamount to a failure to appear at a deposition." Starlight International vs. Herlihy, 186 F.R.D. 626, 639 (D.Kan. 1999). *Also see* Black Horse Lane Assoc., L.P. vs. Dow Chemical Corp., 228 F.3d 275, 303 (3rd Circ. 2000) ("if the agent [of a corporation] is not knowledgeable about relevant facts, and the principal has failed to designate an available, knowledgeable, and readily identifiable witness, then the appearance is, for all practical purposes, no appearance at all.")

---

[2] It is important to note that Defendant cites no case law at all in its memorandum of law to support its positions.

"Obviously it is not literally possible to take the deposition of a corporation; instead, when a corporation is involved, the information sought must be obtained from natural persons who can speak for the corporation." 8A Wright, Miller & Marcus, *Federal Practice and Procedure* § 2103 at 30 (1994). The corporation appears vicariously through it designee. Resolution Trust Corp. vs. Southern Union Co., 985 F.2d 196,197 (5th Circ. 1993).

Rule 30(b)(6) explicitly requires [a corporation] to have persons testify on its behalf as to all matters known or reasonably available to it and, therefore, implicitly requires such persons to review all matters known or reasonably available to it in preparation for the deposition. "This interpretation is necessary in order to make the deposition a meaningful one and to prevent the 'sandbagging' of an opponent by conducting half-hearted inquiry before the deposition but a thorough and vigorous one before the trial. This would defeat the purpose of the discovery process." Id. at 128. The preparation for a Rule 30(b)(6) deposition may be burdensome but this is merely the result of the concomitant obligation from the privilege of being able to use the corporate form in order to conduct business. United States vs.Taylor, 166 F.R.D. 356, 361-362 (M.D.N.C. 1996).

It can be said that all litigation and the Discovery process that goes hand in hand with it is "burdensome" but query whether the particular matter in question is "unduly burdensome." The duty to present and prepare a Rule 30(b)(6) designee goes beyond matters personally known to that designee or to matters in which that designee was personally involved. Buycks-Roberson vs. Citibank Federal Savings Bank, 162 F.R.D. 338, 343 (N.D.Ill. 1995); S.E.C. vs. Morelli, 143 F.R.D. 42, 45 (S.D.N.Y. 1992). The Rule 30(b)(6) designee does not give his personal opinions. Rather, he represents the corporation's "position" on the topic. U.S. vs. Massachusetts

Industrial

Finance Agency, 162 F.R.D. 410, 412 (D.Mass. 1995); Lapenna vs. Upjohn Co., 110 F.R.D. 15, 21, (E.D. Pa. 1986); Moreover, the designee must not only testify about facts within the corporation's knowledge, but also its subjective beliefs and opinions. Id. at 20. The corporation must provide its interpretation of documents and events. Ierardi vs. Lorillard, Inc., Civ. A. No. 90-7049, 1991 WL 158911 (E.D.Pa. 1991). The designee, in essence, represents the corporation just as an individual person represents him or herself at a deposition. A.I.A. Holding, S.A. vs. Lehman Brother, Inc. et al., 2002 WL 1041356 (S.D.N.Y. 2002). Were it otherwise, a corporation would be able to deceitfully select at trial the most convenient answer presented by a number of finger-pointing witnesses at the depositions. Id.

Defendant is attempting to mask its **corporate accountability** so as to allow it to escape from civil liability for its wrongs by having in place an internal personnel and day-to-day business operating structure which would, if the Court accepts Defendant's position on the pending motion, be impossible to pierce. "Without having a witness or witnesses who can testify so as to bind the corporation, the deposing party is left at an unfair disadvantage, having no understanding of what the corporation's position is as to many areas of inquiry. Calzaturficio S.C.A.R.P.A. S.P.A. vs. Fabiano Shoe Company, *supra* at 37. In that case the, the two sons of the company's deceased founder claimed to have no knowledge of Plaintiff's allegations since they did not control the company during the relevant period. During the deposition one of the sons, when asked if he was speaking on behalf of the Fabiano company, responded that he "can't represent what the company knew. I can only represent what I knew at that time." Id. at 35. The deponent's legal counsel stated that Mr. Fabiano "has the knowledge he has," that he has "absolutely

no obligation whatsoever to go out and educate himself" and that he has "no obligation to sit there and read through all the [documents] in preparation for a deposition." Id. The Court disagreed, holding that the son[3], in preparing to be deposed as 30(b)(6) representatives of the company, had the obligation to review all documents that were in their control, including tax returns and related documents that were in the physical possession of Defendant's accountant. Id. At 39. "The law is well established that a 30(b)(6) deponent does have an affirmative obligation to educate himself as to the matters regarding the corporation." Id. at 36.

Defendant's mention of "independent individuals and non-employees of the Bank, over whom the Bank has no control" is a smokescreen that requires further examination of the legal definition of "control." Rule 30(b)(6) states that the "persons so designated shall testify as to matters known *or reasonably available to the organization* [*emphasis added]*. The Rule on its face "does not preclude taking a deposition by any other procedure authorized in these rules" but does not require the taking of individual employee or non-employee depositions as defense counsel would prefer. Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the test for obtaining a protective order relating to discovery. The Bank of New York, et al. vs. Meriden Biao Bank Tanzania Limited, 171 F.R.D. 135 (S.D.N.Y. 1997).

"Control is defined not only as possession, but as the legal right to obtain the documents requested upon demand." Searock vs. Stripling, 736 F.2d 650, 653 (11th Cir. 1984). *See also* Alexander vs. Federal Bureau of Investigation, 194 F.R.D. 299, 301 (D.D.C. 2001) "It is well-

---

[3] At the other son's 30(b)(6) deposition, his counsel took the same position and the Court issued the same ruling.

established that 'control,' which is defined not as possession, but as the legal right to obtain documents on demand, is the test as to whether production is required." Prokosch vs. Catalina Lighting, Inc., 193 F.R.D. 135, 151 (S.D.N.Y. 1997). The deponent must be prepared "to the extent matters are reasonably available, whether from documents, past employees, or other sources." The Bank of New York vs. Meridien Biao Bank Tanzania Limited, 171 F.R.D. 135 (S.N.Y.D.C. 1997). "'Control' does not require that the party have legal ownership or actual physical possession of the documents at issue; rather, documents are considered to be under a party's control when that party has the right, authority, or practical ability, to obtain the documents from a non-party to the action." Id. at 146. The production of documents not in a party's possession is required if the party has the practical ability to obtain the documents from another, irrespective of his legal entitlement to the documents. Id. *See also* Gary J. Mennitt, *Document Discovery: Possession, Custody or Control*, 214 N.Y.L.J. 214 (Nov. 21, 1995) ("The word 'control' is to be broadly construed," such that "[a] party controls documents that it has the right, authority, or ability to obtain on demand.")

As to Defendant's argument that there are forty-one (41) subsections to the notice of deposition, asking for testimony about many different areas regarding the litigation, Rule 30(b)(6) requires that the party requesting the deposition describe with reasonable particularity the matters on which examination is requested. The purpose of this requirement is to facilitate the responding party's selection of the most suitable deponent. Prokasch, *supra* at 637. " In turn, the responding party, having been specifically notified as to the specific areas of exploration, is obligated to produce a deponent who has been suitably prepared to respond to questioning within that scope of inquiry. Id.

As to Plaintiffs' specific requests, Defendant has reasonable access to its telemarketers, the person who executed the loan processing checklist, the independent appraiser who performed the initial appraisal for the loan application, the person who performed the title rundown on Plaintiffs' property, the person who provided training as to the Truth in Lending law, the employee or clerk who checks for any clerical errors in loan applications, the Bank's internal ap– praiser, and all other persons under its "control." It stands to reason that if Defendant has reasonable access to said persons, it has "control" as this term is defined under the law, of the documents requested to be produced regarding said persons. Given that all of the documents described in Plaintiffs' Request for Production which accompanied the Notice of Deposition are relevant and material to the allegations of Plaintiffs' Complaint and Defendant's alleged defenses thereto, this Honorable Court should deny Defendant's motion for a protective order.

**CONCLUSION**

For all of the foregoing reasons, Defendant's motion for a protective order requesting that this Honorable Court limit the nature and scope of Plaintiffs' examination pursuant to their Notice of Deposition pursuant to F.R.C.P. 30(b)(6) and Request for Production of Documents pursuant to F.R.C.P. 30(b)(5) should be denied.

MICHAEL J. SOUZA AND
ELIZABETH SOUZA
By Their Attorneys
CLAUDE LEFEBVRE
CHRISTOPHER M. LEFEBVRE, P.C

s/ Christopher M. Lefebvre #4019
/s/ Joseph E. Marran III #3971
P.O. Box 479
Pawtucket, RI 02862
Tel. (401) 728-6060
Fax. (401) 728-6534

**CERTIFICATION**

I hereby certify that on September 1, 2006, I electronically filed the within MEMORANDUM OF LAW with the Clerk of the District Court for the District of Rhode Island using the CM/ECF System. The following participants have received notice electronically:
Thomas E. Carlotto, Esq. Shechtman, Halperin & Savage, LLP; and I hereby certify that I have mailed by United States Postal Service, postage pre-paid, the document and a copy of the Notice of Electronic Filing to the following non CM/ECF participants: None.

/s/Maria J. Ferreira