IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MICHAEL SOUZA AND ELIZABETH SOUZA | : | |
| VS. | : | CA. No. 0655 ML |
| DOMESTIC BANK | : | |

**DEFENDANT'S OBJECTION TO PLAINTIFFS' MOTION TO EXTEND DISCOVERY DEADLINE**

Defendant, Domestic Bank, herby objects to the Plaintiffs' motion to extend time to complete discovery in this matter to December 15, 2006. As grounds therefore, Domestic asserts the following:

1. That discovery in this matter was originally ordered to be completed by September 29, 2006;

2. That by a mutual motion to continue the discovery deadline, the Court has already previously granted a continuance of the discovery completion date to November 15, 2006;

3. That Defendant has substantially completed written discovery by providing answers to Plaintiffs' written discovery requests and by conducting and completing the depositions of both Plaintiffs on November 8, 2006;

4. That on September 20, 2006, the Court heard and granted the Defendant's Motion for Protective Order as to Plaintiffs' Rule 30(b)(6) and 30(b)(5) deposition notices. The Court ordered that said notices be stricken in their entirety and that

Plaintiffs proceed via Rule 30(a) and notice the depositions of individual witnesses and/or employees of the Bank in order to discover more about the loan application in question. Significantly, this Court further ordered that Plaintiffs' counsel contact defense counsel within two weeks after the hearing to determine which witnesses and/or employees of Domestic Bank the Plaintiffs would seek to depose pursuant to Rule 30(a) and when, in light of the November 15, 2006 discovery deadline;

5. That since the hearing date, Plaintiffs' counsel has failed to confer with defense counsel as ordered by the Court as to what witnesses and/or employees of Domestic the Plaintiffs intend to depose under Rule 30(a) and when said depositions would take place;

6. That on the eve of the discovery deadline, to wit, Friday, November 10, 2006 at 4:20 PM, Plaintiffs' counsel faxed three notices to depose two employees of the Bank as well as the president of the Bank, same being scheduled for Wednesday, November 15, 2006. Defense counsel did not receive the notices via regular mail until Monday, November 13, 2006, in the early afternoon.

7. That, upon information and belief, none of the aforementioned witnesses were subpoenaed to appear for their November 15, 2006 depositions, as is required under Rule 45.

8. That the conduct of the Plaintiffs in providing such late and inadequate notice as to the depositions violates Rule 30(b)(1) which requires "reasonable notice" to the opposing party; See, Notices attached hereto as **Exhibits A, B and C.**

9. That given the eleventh hour notice by Plaintiffs to defense counsel, the Plaintiffs' conduct constitutes nothing short of an attempt to circumvent the November 15, 2006 discovery deadline.[1]

10. That the Plaintiffs blatant non-compliance with the Court's September 20, 2006 Order should not be condoned nor permitted by the Court; and

11. That the Defendant would be prejudiced if another extension for discovery is granted as that the Plaintiffs' claims for violation of the "ECOA" (15 USC Section 1691) are highly technical in nature and are highly questionable as to merit, bordering on being frivolous. The discovery extension would therefore expose the Bank to additional and unwarranted litigation expenses.

WHEREFORE, the Defendant requests that the Court deny the Plaintiffs' Motion to extend the discovery deadline in this matter.

---

[1] The defense posits that the plaintiffs' late and inadequate notices for the Rule 30 (a) depositions were simply motivated to have the defense object to same pursuant to Rule 30(b) and thereby seek to obtain a continuance of the discovery deadline date so that the depositions could ultimately take place. The Plaintiffs should not be allowed to use and manipulate the requirements of "fair notice" to obtain a discovery extension.

Respectfully submitted,

By attorneys for Defendant,

DOMESTIC BANK,

SHECHTMAN HALPERIN SAVAGE, LLP

*/s/ Steven J. DeLuca*
Steven J. DeLuca, Esquire (#4192)
1080 Main Street
Pawtucket, RI 02860
(401) 272-1400 phone
(401) 272-1403 facsimile

Dated: November 14, 2006

**CERTIFICATE OF SERVICE**

***I HEREBY CERTIFY*** that a true and correct copy of the foregoing Objection was furnished via electronic mail this 14th day of November, 2006 to the following counsel of record:

Christopher M. Lefebvre, Esquire
Joseph E. Marran, III, Esquire
Law Offices of Claude Lefebvre & Sons
P.O. Box 479
Pawtucket, RI 02862

*/s/Steven J. DeLuca*