IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MICHAEL SOUZA AND ELIZABETH SOUZA | : | |
| VS. | : | CA. No. 0655 ML |
| DOMESTIC BANK | : | |

**DEFENDANT, DOMESTIC BANK'S MOTION FOR PROTECTIVE ORDER AS TO PLAINTIFFS' RULE 30(a) NOTICES OF DEPOSITION OF MICHAEL S. ALMEIDA, LEONARD GUGLIELMINO AND NATHANIEL BAKER**

Pursuant to F. R. Civ. P. 30(b)(1) and 26(c), Defendant, Domestic Bank ("Domestic") hereby seeks a protective order as to the Plaintiffs' Rule 30(a) Notices of Deposition of Michael S. Almeida, Leonard Guglielmino and Nathaniel Baker. In support Domestic states the following:

1. That Defense counsel received all three 30(a) Notices of Deposition via facsimile on Friday, November 10, 2006 at 4:22 pm;

2. That said depositions are scheduled for Wednesday, November 15, 2006 at 10:00 AM, 12:00 PM and 1:30 PM, respectively. Same are attached hereto as **Exhibits A, B and C.**

3. That the notices were received via regular mail by Defense counsel on Monday, November 13, 2006 in the early afternoon;

4. That Mr. Almeida is a Senior Loan officer for the Bank, that Mr. Guglielmino is an employee/internal appraiser for the Bank and that Mr. Baker is the President of the Bank.

5. That pursuant to F. R. Civ. P. 30(b)(1), "reasonable notice" is required to be given to all parties by the party desiring to take depositions;

6. That Defendant did not "receive reasonable notice", as Plaintiff gave Defense counsel only two business days within which to notify his client and/or its employees and/or agents in order to schedule and properly prepare for said depositions;

7. That, upon information and belief, none of the aforementioned witnesses were subpoenaed to appear for their depositions scheduled for November 15, 2006, as is required pursuant to Rule 45;

8. That Plaintiffs' late notice is in violation of this Court's prior Order dated September 20, 2006 wherein the Court ruled favorably on the Defendant's Motion for Protective Order regarding the Plaintiffs' prior Rule 30(b)(6) and 30(b)(5) notices of deposition. The Court struck the Plaintiffs' notices in their entirety and further ordered Plaintiffs' counsel to contact defense counsel within two weeks of said hearing to provide a list of witnesses and/or employees of the Bank whom the Plaintiffs wished to depose pursuant to Rule 30(a) and to schedule same in light of the November 15, 2006 discovery deadline. Plaintiffs' counsel did not comply with said Order as the late Friday afternoon notices of November 10, 2006 constitute the only attempt by Plaintiffs' counsel to notify defense counsel as to which representatives of the Bank it sought to depose and when;

9. That such late and inadequate notice is highly prejudicial to the Defendant in this matter, as its employees and/or agents will have had little if any

time to prepare for the deposition or re-arrange their schedules to appear for same; and

10. That the Plaintiffs' eleventh hour notice is merely an attempt to circumvent the Court's discovery deadline of November 15, 2006 and constitutes a flagrant violation of the September 20, 2006 Court Order regarding the scheduling of the Rule 30(a) depositions of Banks' employees and/or agents. Same should not be condoned by the Court. [1]

WHEREFORE, the Defendant requests that the Court preclude the Plaintiffs from conducting the depositions of the aforementioned witnesses and further requests that the Court enforce the discovery deadline of November 15, 2006.

Respectfully submitted,
By attorneys for Defendant,

DOMESTIC BANK,

SHECHTMAN HALPERIN SAVAGE, LLP

*/s/ Steven J. DeLuca*
Steven J. DeLuca, Esquire (#4192)
1080 Main Street
Pawtucket, RI 02860
(401) 272-1400 phone
(401) 272-1403 facsimile

Dated: November 14, 2006

---

[1] The defense posits that the plaintiffs' late and inadequate notices for the Rule 30 (a) depositions were simply motivated to have the defense object to same pursuant to Rule 30(b) and thereby seek to obtain a continuance of the discovery deadline date so that the depositions could ultimately take place. The Plaintiffs should not be allowed to use and manipulate the requirements of "fair notice" to obtain a discovery extension.

**CERTIFICATE OF SERVICE**

***I HEREBY CERTIFY*** that a true and correct copy of the foregoing Motion was furnished via electronic mail this 14th day of November, 2006 to the following counsel of record:

Christopher M. Lefebvre, Esquire
Joseph E. Marran, III, Esquire
Law Offices of Claude Lefebvre & Sons
P.O. Box 479
Pawtucket, RI 02862

*/s/Steven J. DeLuca*