IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MICHAEL SOUZA AND<br>ELIZABETH SOUZA | ) | |
| | ) | |
| VS. | ) | C.A. No.: 06-55ML |
| | ) | |
| DOMESTIC BANK | ) | |

**PLAINTIFFS' OBJECTION TO DEFENDANT'S MOTION FOR PROTECTIVE ORDER AS TO PLAINTIFFS' SECOND RULE 30(a) NOTICE OF DEPOSITION OF MICHAEL S. ALMEIDA, LEONARD GUGLIELMINO AND NATHANIEL BAKER SCHEDULED FOR NOVEMBER 29, 2006**

Now come the Plaintiffs in the above-entitled matter and object for cause to Defendant's motion for a protective Order as to Plaintiffs' Second Rule 30(a) notice of deposition of Michael S. Almeida, Leonard Guglielmino and Nathaniel Baker scheduled for November 29, 2006. In support of this objection, Plaintiffs submit as follows:

1. Pursuant to Rule 16(b) the Court had originally set a discovery deadline of September 29, 2006;

2. On September 15, 2006 the parties filed a joint motion to extend the discovery deadline to November 15, 2006. Defendant's attorney, Steven J. DeLuca, at that time represented to Plaintiffs' counsel that he had a lengthy and complicated trial scheduled for the latter part of October and, thus, wanted the discovery deadline to extend into November to which Plaintiffs' attorney agreed even though he had suggested an extension date of October 15, 2006 or November 1, 2006;

3. Said motion was granted by Judge Mary Lisi on or about September 15, 2006;

4. At the court hearing on September 20, 2006 on Defendant's motion for a protective Order relative to Plaintiffs' 30(b)(5) and (6) notices, Defense counsel again asserted that he

had a lengthy and complicated trial during the latter part of October and I informed him again that I would not schedule any depositions during that time; The Court did not order that Plaintiffs' counsel contact Defendant's counsel within two weeks after the hearing to determine which witnesses and/or employees of Defendant the Plaintiffs would seek to depose and when as represented by Defendant's attorney. Rather, the Court ordered that respective counsel meet after the parties exchanged discovery regarding the scheduling of depositions and furthermore instructed that "if the parties have names to depose, name them."

5. Attorney DeLuca sent a letter to Plaintiffs' counsel dated September 26, 2006 re-scheduling Plaintiffs depositions from September 27, 2006 to October 10, 2006; At some point in time Plaintiffs' attorney told Defendant's attorney that Plaintiff would wait until Defendant had conducted Plaintiffs' depositions before scheduling any depositions on behalf of Plaintiffs.

6. On September 27, 2006 the parties respective counsel had a telephone conversation regarding the rescheduling of the September 27, 2006 depositions;

7. On September 27, 2006 Defendant's attorney sent Plaintiffs' attorney a letter re-scheduling the October 10, 2006 to October 12, 2006;

8. On or about September 29, 2004 both parties agreed to extend the time to provide mutual discovery replies to October 4, 2006;

9. On October 4, 2006 Defendant's attorney certified the mailing of Defendant's reply to Plaintiffs' Discovery to Plaintiffs' counsel;

10. On October 5, 2006 Plaintiffs' attorney had a telephone conversation with Defendant's attorney and informed him that Plaintiffs had an appointment scheduled for October 6, 2006 to review the reply to Defendant's Request for Production and sign their answers to Defendant's interrogatories; Defendant's attorney agreed to same and stated that as long as the answers to

interrogatories were received by Tuesday, October 10, 2006, the October 12, 2006 depositions could go forward; Plaintiffs' attorney also expressed dismay that Defendant, in its discovery replies, indicated that Dorothy Vieira and Edward Vescara no longer worked for Defendant and that their whereabouts was unknown.

11. On October 5, 2006 Defendant's attorney sent a letter to Plaintiffs' attorney confirming the October 10, 2006 deadline;

12. Plaintiffs' answers to interrogatories were sent to Defendant's attorney by facsimile and regular mail on October 10, 2006; On that same date, Plaintiffs' attorney was in the process of preparing the lengthy reply to Defendant's Request for Production when he received a facsimile correspondence from Defendant's attorney during the middle of the afternoon cancelling the October 12, 2006 depositions; He also indicated that if Plaintiffs' replies were not received by October 13, 2006 motions to compel would be filed with the court;

13. Plaintiffs' attorney hand-delivered Plaintiffs' Reply to Defendant's attorney's office on October 13, 2006;

14. Notwithstanding Plaintiffs' attorney's compliance with the agreement, Defendant's attorney filed motions to compel Plaintiffs' reply to Defendant's discovery; On October 16, 2006 Defendant's attorney represented to Plaintiffs' attorney that he never received any Discovery replies. On October 17, 2006 Plaintiffs' attorney faxed and mailed for the second time to Defendant's attorney a copy of Plaintiffs' answers to Defendant's interrogatories. On October 17, 2006 Defendant's attorney filed an application to withdraw the motions to compel;

15. On October 20, 2006 Plaintiffs' attorney received new deposition notices for Plaintiffs' depositions to be conducted on November 8, 2006;

16. On October 25, 2006 Plaintiff's attorney sent a correspondence to Defendant's at-

torney by facsimile and regular mail that it was Plaintiffs' intention to depose Dorothy Vieira and Edward Vescara or the Keeper of Record of Defendant to determine their whereabouts. Also, Plaintiffs attempted to obtain more responsive answers to Plaintiffs' interrogatories. Also, that Plaintiffs would like to conduct the depositions of Michael Almeida, Leonard Guglielmino and possibly David Zeigler and Krista Fretus in addition to Dorothy Vieira when she was located. Plaintiffs attorney requested that Defendant's attorney contact him promptly to discuss mutually convenient dates and times to conduct the depositions. Defendant's attorney did not do so.

17. On November 8, 2006 Plaintiffs' depositions were conducted at Defendant's attorney's office at which time Plaintiffs' attorney informed Defendant's attorney that he intended to schedule the depositions of Michael Almeida, Leonard Guglielmino and "one of the Bakers." (Nathaniel Baker is President of Defendant bank and his son is also employed by the bank in some capacity) for November 15, 2006. Defendant's attorney indicated at that time that as many of the depositions as possible could be conducted on November 15, 2006 and those that could not be conducted on that date could be rescheduled for a later date;

18. On November 11, 2006, Plaintiffs' attorney faxed and mailed the three deposition notices;

19. On November 14, 2006 Plaintiffs' attorney received a telephone message from Defendant's attorney objecting to the depositions; Plaintiffs' attorney left a message for Defendant's attorney that the depositions would be rescheduled for a tentative date of November 29, 2006. On November 14, 2006 Plaintiffs' attorney filed a motion to extend the discovery deadline to December 14, 2006.

20. On November 16, 2006, Defendant's attorney filed an objection to the November 29, 2006 depositions.

21. All of Plaintiffs' Discovery notices are in compliance with the Court's Rule 16 discovery order and should not be stricken.

WHEREFORE, Plaintiffs request that Defendant's motion for a protective order be denied and that Plaintiffs be allowed to conduct the referenced depositions on November 29, 2006.

MICHAEL J. SOUZA AND
ELIZABETH SOUZA
By Their Attorneys
CLAUDE LEFEBVRE
CHRISTOPHER M. LEFEBVRE, P.C
s/ Christopher M. Lefebvre #4019
/s/ Joseph E. Marran III #3971
P.O. Box 479
Pawtucket, RI 02862
Tel. (401) 728-6060
Fax. (401) 728-6534

**CERTIFICATION**

I hereby certify that on November 22, 2006, I electronically filed the within OBJECTION with the Clerk of the District Court for the District of Rhode Island using the CM/ECF System. The following participants have received notice electronically: Steven J. DeLuca, Esq. Shechtman, Halperin & Savage, LLP; and I hereby certify that I have mailed by United States Postal Service, postage pre-paid, the document and a copy of the Notice of Electronic Filing to the following non CM/ECF participants: None.

/s/Maria J. Ferreira