IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MICHAEL SOUZA AND<br>ELIZABETH SOUZA | ) | |
| | ) | |
| VS. | ) | C.A. No.: 06-55ML |
| | ) | |
| DOMESTIC BANK | ) | |

**PLAINTIFFS' MOTION TO COMPEL MORE RESPONSIVE ANSWERS TO PLAINTIFFS' INTERROGATORIES**

Now come the Plaintiffs in the above-entitled matter and move for an Order of this Honorable Court compelling Defendant to file more responsive answers to Plaintiffs' interrogatories. In support hereof, Plaintiffs submit as follows:

1. On August 3, 2006 Plaintiffs propounded interrogatories to Defendant.

2. On October 4, 2006 Defendant certified its answers to the interrogatories to Plaintiffs' attorney.

3. Interrogatory (7) and Defendant's reply thereto in relevant part read as follows:

**<u>Interrogatory (7)</u>: For each report, document or other tangible thing relating to Plaintiffs' claim or Defendant's defenses thereto which are in Defendant's possession, custody or contol, state:**

**(a) a description of the item in sufficient detail to identify it in a request for production;**

**(b) the author or originator of the item and its present custodian; and**

**(c) list each item which will be an exhibit at trial.**

**<u>Defendant's Answer</u>: Objection. ...It is unknown at this time which documents Defendant will introduce at trial. Defendant, however, reserves the right to supplement its answer to**

**this Interrogatory in accordance with Rule 26 and the discovery Order of the Court.**

4. Plaintiff are entitled to know the documents which Defendant will introduce as exhibits at trial in the event Plaintiffs desire to conduct the deposition of the author or originator of the documents and to properly prepare for trial.

5. Interrogatory (8) and Defendant's reply thereto read as follows:

**Interrogatory (8): Identify each person Defendant intends to call as a witness at trial and describe the substance of their testimony.**

**Defendant's Answer: Unknown at this time. The Defendant, however, reserves the right to supplement its answers in accordance with Rule 26 and the discovery Order of the Court.**

6. Plaintiffs are entitled to know the identity of Defendant's trial witnesses and substance of their testimony in the event Plaintiffs desire to conduct their depositions and to properly prepare for rebuttal of their testimony.

7. Interrogatory (22) and Defendant's reply thereto read as follows:

**Interrogatory (22): State whether or not Defendant had, at any time during its dealings with Plaintiffs regarding the consumer loan at issue, a written policy, as to Defendant's lending practices with regard to the consumer's application for the loan, appraisal to be conducted in association therewith, the processing of the loan application or the underwriting of the loan and, if so, identify the author or originator of the document, its contents and its present custodian.**

**Defendant's reply: Objection. The internal policies and procedures of the Defendant as requested are irrelevant, immaterial and are privileged. Also, such internal policies do not reasonably relate to the Plaintiffs' allegations that the Defendant allegedly violated 15 U.S.C. Section 1691. Further, the disclosure of same is not likely to lead to the discovery of**

**admissible evidence, as required under Rule 26.**

8. The interrogatory is directly relevant to Plaintiffs' Complaint because the answer will reveal if Defendant followed its own policies and, if it did not, how it deviated therefrom. Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the test for obtaining a protective order relating to discovery; instead, the party resisting discovery must prove that disclosure of confidential information will result in clearly defined and very serious injury to its business. The Bank of New York et al. v.Meridien Biao Bank Tanzania Limited, 171 F.R.D. 135 (1997).

WHEREFORE, Plaintiffs request that the Court grant the within Motion to Compel Defendant to file more responsive answers to Plaintiffs' interrogatories within twenty (20) days of the granting of this Motion.

**Rule 37(a) CERTIFICATION**

I hereby certify that prior to the filing of the within motion I attempted in good faith to confer with Defendant's attorney in an effort to secure the requested information without court action.

MICHAEL J. SOUZA AND
ELIZABETH SOUZA
By Their Attorneys
CLAUDE LEFEBVRE
CHRISTOPHER M. LEFEBVRE, P.C
s/ Christopher M. Lefebvre #4019
/s/ Joseph E. Marran III #3971
P.O. Box 479
Pawtucket, RI 02862
Tel. (401) 728-6060
Fax. (401) 728-6534

**CERTIFICATION**

I hereby certify that on November 22, 2006, I electronically filed the within MOTION with the Clerk of the District Court for the District of Rhode Island using the CM/ECF System. The following participants have received notice electronically: Steven J. DeLuca, Esq. Shechtman, Halperin & Savage, LLP; and I hereby certify that I have mailed by United States Postal Service, postage pre-paid, the document and a copy of the Notice of Electronic Filing to the following non CM/ECF participants: None.

/s/Maria J. Ferreira