IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MICHAEL SOUZA AND ELIZABETH SOUZA | ) | |
| | ) | |
| VS. | ) | C.A. No.: 06-55ML |
| | ) | |
| DOMESTIC BANK | ) | |

**<u>PLAINTIFFS' MOTION TO COMPEL MORE RESPONSIVE REPLY TO PLAINTIFFS' REQUEST FOR PRODUCTION OF DOCUMENTS</u>**

Now come the Plaintiffs in the above-entitled matter and move for an Order of this Honorable Court compelling Defendant to file a more responsive reply to Plaintiffs' Request for Production of Documents. In support hereof, Plaintiffs submit as follows:

1. On August 3, 2006 Plaintiffs propounded a Request for Production of Documents to Defendant.

2. On October 4, 2006 Defendant certified its reply to Plaintiffs' Request for Production of Documents to Plaintiff.

3. Plaintiffs' Request for Production (7) and Defendant's reply thereto read as follows:

**<u>Request (7)</u>: All operating manual, memoranda, or other documents concerning internal procedures of Defendant relative to consumer loan applications, including consumer loans to refinance Property.**

**<u>Defendant's Reply</u>: Objection. Internal operating manuals, memoranda or "other documents" concerning internal policies or procedures of Defendant concerning the subject areas as set forth in this request constitute privileged, internal business materials of the Defendant and as such are not discoverable. Also, said request seeks irrelevant and immaterial information, not pertinent to the Plaintiffs' allegations of an alleged violation of**

**15 U.S.C. Section 1691, as set forth in the Complaint. Also, said requested documents are not likely to lead to the discovery of admissible evidence, per Rule 26.**

4. Plaintiff, in the course of her deposition, testified that, during the initial telephone call from Defendant's employee Dorothy Vieira soliciting a consumer loan, she informed Ms. Vieira that she and her husband were in Chapter 13 bankruptcy proceedings and that Ms. Vieira replied that Domestic Bank had a special program for people in such circumstances called a Porfolio loan whereby the owner of the bank makes a personal decision regarding approval of the loan application rather than using standard criteria. The requested documents will reveal the identity of that standard criteria are and how Defendant deviated from same. The issue goes to the heart of Plaintiffs' allegations that the Defendant misrepresented the actual reasons for denial of their loan application in violation of the Fair Credit Reporting Act. Defendant has not shown that the production of such internal documents would result in clearly defined and very serious injury to its business. Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the test for obtaining a protective order relating to discovery; instead, the party resisting discovery must prove that disclosure of confidential information will result in clearly defined and very serious injury to its business. The Bank of New York et al. v. Meridien Biao Bank Tanzania Limited, 171 F.R.D. 135 (1997).

WHEREFORE, Plaintiffs request that the Court grant the within Motion to Compel Defendant to file a more responsive reply to Plaintiffs' Request for Production within twenty (20) days of the granting of this Motion.

**Rule 37(a) CERTIFICATION**

I hereby certify that prior to the filing of the within motion I attempted in good faith to confer with Defendant's attorney in an effort to secure the requested documents without court action.

MICHAEL J. SOUZA AND
ELIZABETH SOUZA
By Their Attorneys
CLAUDE LEFEBVRE
CHRISTOPHER M. LEFEBVRE, P.C
s/ Christopher M. Lefebvre #4019
/s/ Joseph E. Marran III #3971
P.O. Box 479
Pawtucket, RI 02862
Tel. (401) 728-6060
Fax. (401) 728-6534

**CERTIFICATION**

I hereby certify that on November 22, 2006, I electronically filed the within MOTION with the Clerk of the District Court for the District of Rhode Island using the CM/ECF System. The following participants have received notice electronically: Steven J. DeLuca, Esq. Shechtman, Halperin & Savage, LLP; and I hereby certify that I have mailed by United States Postal Service, postage pre-paid, the document and a copy of the Notice of Electronic Filing to the following non CM/ECF participants: None.

/s/Maria J. Ferreira