IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MICHAEL SOUZA AND ELIZABETH SOUZA | : | |
| VS. | : | CA. No. 0655 ML |
| DOMESTIC BANK | : | |

**DEFENDANT, DOMESTIC BANK'S RESPONSE TO PLAINTIFFS' SECOND REQUEST FOR PRODUCTION OF DOCUMENTS**

Now comes the Defendant, Domestic Bank, (hereinafter "Domestic" and/or "Defendant") in the above-matter and hereby responds to Plaintiffs' Second Request for Production of Documents as follows:

**GENERAL OBJECTIONS**

The following general objections are asserted with respect to each and every Request and are incorporated into each of Defendant's specific responses as if set forth there in full:

1. Defendant objects to the Requests to the extent they seek to impose burdens or obligations in excess of those required under the Federal Rules of Civil Procedure.

2. Defendant objects to the Requests to the extent they call for information that is protected from discovery by a claim of privilege, including the attorney-client privilege, the work product privilege, or any other applicable privilege or doctrine. Defendant further objects to the Requests to the extent they seek information not otherwise discoverable within the meaning of Rule 26(b)(1) of the Federal Rules of Civil Procedure. To the extent any such information is or may be divulged in response to the

Requests, the divulging of any such information is inadvertent and is not deemed to be a waiver of any applicable privilege.

3. Defendant objects to the Requests to the extent they seek to expose trade secrets, confidential and proprietary business information, and/or commercially sensitive materials, the release of which will cause irreparable harm to the Defendant.

4. Defendant objects to the Requests to the extent they contain undefined terms and/or are vague, ambiguous, conclusory, overly broad, unduly burdensome, or designed to harass.

5. Defendant objects to the Requests to the extent they seek information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

6. Defendant objects to the Requests to the extent they purport to require the production of documents not within the Defendant's possession, custody or control, or which have not yet come into existence.

7. Defendant objects to the Requests to the extent they seek production of documents which are in the Plaintiffs' possession, available from public sources, or readily accessible, and thus, equally as available to Plaintiffs, as to Defendant.

8. None of the responses to the Requests is an admission relative to the existence of any documents, to the relevance or admissibility of any documents, or to the truth or accuracy of any statement or characterization contained in Plaintiffs' First Request for Production of Documents.

9. Defendant objects to any Request to the extent it implies or presupposes that the documents that are produced constitute "all" documents that existed during the relevant

time period. Defendant will produce only those documents currently in its possession, custody or control, and makes no representation as to whether the documents produced constitute "all" documents that existed during the relevant time period. Moreover, Defendant does not purport to have knowledge of "all" documents that are the subject of each Request.

10. Defendant objects to producing more than one copy of any document in response to overlapping Requests. Defendant will produce one copy of any document responsive to more than one Request.

11. Defendant reserves the right to supplement, modify, or add to its responses to the Requests, although defendant does not undertake to do so, except to the extent required by Rule 26(e) of the Federal Rules of Civil Procedure.

## SPECIFIC RESPONSES

**REQUEST NO. 1:**

All documents relating to any internal inspection procedures Defendant used at the time of the Plaintiffs' consumer loan application with Defendant:

(a) to insure that Defendant's employees were complying with the Fair Credit Reporting Act;

(b) to apprise Defendant of possible violations of the Fair Credit Reporting Act.

**RESPONSE TO REQUEST NO. 1:**

Objection. Irrelevant, immaterial and not likely to lead to the discovery of admissible evidence.

**REQUEST NO. 2:**

All documents prepared in connection with or relating to all actions taken by any person acting on Defendant's behalf to ensure Defendant's compliance with the Fair Credit Reporting Act relative to Plaintiffs' consumer loan application with Defendant.

**RESPONSE TO REQUEST NO. 2:**

Objection. Irrelevant, immaterial and not likely to lead to the discovery of admissible evidence.

**REQUEST NO. 3:**

All documents containing or relating to any Fair Credit Reporting Act disclosures provided to Plaintiffs relative to their consumer loan application with Defendant.

**RESPONSE TO REQUEST NO.3:**

Objection. Irrelevant, immaterial and not likely to lead to the discovery of admissible evidence.

**REQUEST NO. 4:**

All documents prepared in connection with or relating to any actions Defendant took to ensure that Plaintiffs were provided with Fair Credit Reporting Act disclosures in the transactions.

**RESPONSE TO REQUEST NO.4:**

Objection. Irrelevant, immaterial and not likely to lead to the discovery of admissible evidence.

Respectfully submitted,
Defendant,
DOMESTIC BANK
By its attorneys:

Gini Spaziano, Esquire, #5020
Steven J. DeLuca, Esquire #4192
Shechtman Halperin Savage, LLP
1080 Main Street
Pawtucket, RI 02860
(401) 272-1400 Telephone
(401) 272-1403 Facsimile

Dated: November 15, 2006

**CERTIFICATE OF SERVICE**

***I HEREBY CERTIFY*** that a true and accurate copy of the foregoing Defendant's Response to Plaintiffs' Second Request for Production of Documents was served via first class mail, postage prepaid, this 15th day of November, 2006 to the following counsel of record:

Joseph E. Marran, III, Esquire
Law Offices of Claude Lefebvre & Sons
P.O. Box 479
Pawtucket, RI 02862