IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MICHAEL SOUZA AND<br>ELIZABETH SOUZA | : | |
| | : | |
| VS. | : | CA. No. 0655 ML |
| | : | |
| DOMESTIC BANK | : | |

**DEFENDANT, DOMESTIC BANK'S, EMERGENCY MOTION TO ENLARGE TIME**

Defendant, Domestic Bank (hereinafter "Defendant") pursuant to Fed. R. Civ. Proc. Rule 16(b) hereby moves this Court for an order enlarging the time within which it has to provide supplemental replies to Plaintiffs' discovery as ordered by the Court on December 28, 2006 and the time within which all parties have to file all motions, including dispositive motions. In support thereof, the Defendant states the following:

**A. Extension of Time as to Supplemental Discovery:**

1. On December 28, 2006 this matter was before the Court on the Plaintiffs' motions to compel more responsive replies to their answers to interrogatories and requests for production, specifically interrogatories numbers 7, 8 and 22 and request number 7. An Order was issued granting in part the Plaintiffs' motion. A copy of the Order is attached hereto as **Exhibit A**.

2. The Order requires that the Defendant provide additional discovery as to any policies and procedures of the Bank concerning "Second Chance" or "Portfolio" loans, as they might exist and as is in issue in this case. The due date for the supplementary production of any such policies and procedures and an explanation of same by way of supplementary interrogatory answers is due on January 11, 2007.

3. Defense counsel, at the time of the hearing, was aware that the only person/ agent of the Bank most knowledgeable as to any polices and procedures of the Bank as to "Second Chance" or "Portfolio Loans", Diann Jenkins, Vice President- Compliance, was sick with double pneumonia but was not completely aware of the nature and extent of her illness.

4. Defense counsel has recently learned that Ms. Jenkins has been substantially out of work since December 9, 2006 and has just commenced working full time at the Bank as of January 8, 2007. A copy of a Doctor's note (Dr. Thomas Green) and an affidavit of her supervisor, H. Jeffrey Baker, Executive Vice President of Domestic, are attached hereto as **Exhibits B** and **C**, respectively, to confirm her sickness and extended absence from work.

5. Further, defense counsel has learned, after recently speaking with Ms. Jenkins, that she does maintain and have in her possession, custody and/or control of some relevant polices and/or procedures of the Bank that explain the underwriting requirements of the Bank and the general loan policies of the Bank as they pertain to "Second Chance" or "Portfolio Loans."

6. Given her illness and resulting absence, Ms. Jenkins is substantially behind in her work obligations and cannot possibly provide the pertinent supplemental discovery replies sought by the Plaintiffs by January 11, 2007.

7. Accordingly, the Bank requests that the Court extend the time within which it has to provide supplemental discovery as ordered by the Court on December 28, 2006 for two weeks, or up to and including January 25, 2007.

**B. <u>Extension of Time as to The Filing of Motions:</u>**

1. A hearing took place before the Court on November 27, 2006 on the Plaintiffs' motion to extend the then existing discovery deadline of November 15, 2006. After argument by counsel, the Court granted, in part, said motion and granted the Plaintiffs' leave so that they could conduct the depositions of three of the Bank's agents and/or employees, Mr. Almeida, Mr. Guglielmino and Domestic's president, Nathaniel Baker.

2. Specifically the Court ordered that said depositions be completed by December 31, 2006 at a time mutually agreeable to both parties. A copy of the Order is attached hereto as **Exhibit D**.

3. The day after the hearing, counsel below conferred with the Bank's witnesses and subsequently advised Plaintiffs' counsel that all three of the aforementioned witnesses would be available to be deposed on December 20, 2006. The depositions of Mr. Almeida, Mr. Guglielmino and the Banks president, Nathaniel Baker, in fact took place on said date.

4. Due to the holiday season, there was some delay as to the transcription of the deposition testimony, beyond either party's control.

5. Defense counsel and Plaintiffs'counsel, in fact, did not receive the deposition transcripts of these key witnesses until Tuesday, January 9, 2007.

6. The current deadline for the filing of all motions, including dispositive motions, is January 15, 2007.

7. A detailed review of the three transcripts is necessary in order to determine if any dispositive motions (including summary judgment) should be filed. Moreover, the testimony reflected therein may have to be incorporated into any such dispositive motions and supporting memoranda of law. Given the current deadline of January 15, 2007, the Defense posits that there are only three business days in which to review the aforementioned deposition testimony, all other discovery and draft any such motion with supporting memoranda and exhibits.

8. Given the late receipt of the above three witnesses' deposition transcripts, the current deadline of January 15, 2007 imposes an undue hardship to each party as to the filing of any motions, including dispositive motions.

9. Additionally, the Bank's inability to comply with the Court's January 11, 2007 deadline relative to providing supplemental written discovery would make the consideration and/or filing of any dispositive motions premature at this point.

10. Based on the above, the Bank further respectfully requests that the Court extend the deadline for filing of all motions, including but not limited to dispositive motions, to February 8, 2007.

WHEREFORE, based on the above, the Defendant asserts that "good cause" has been shown pursuant to Rule 16(b) and accordingly requests that the Court extend the deadline for the Bank to provide supplemental written discovery to January 25, 2007 and that the deadline for all motions (including but not limited to dispositive motions) be extended to February 8, 2007. Neither party would be prejudiced thereby.

Respectfully submitted,

Defendant,
DOMESTIC BANK
By its attorneys:

*/s/ Steven J. DeLuca*
Gini Spaziano, Esquire, #5020
Steven J. DeLuca, Esquire #4192
Shechtman Halperin Savage, LLP
1080 Main Street
Pawtucket, RI 02860
(401) 272-1400 Telephone
(401) 272-1403 Facsimile

Dated: January 10, 2007

**NOTICE OF HEARING**

PLEASE TAKE NOTICE that this Motion shall be called for hearing on January ____, **2007 at 9:30 a.m.** in the Unite States District Court for the District of Rhode Island, One Exchange Terrace, Providence, Rhode Island, or as soon thereafter as it may be heard.

*/s/ Steven J. DeLuca*
Steven J. DeLuca

**CERTIFICATE OF SERVICE**

***I HEREBY CERTIFY*** that on this 10th day of January, 2007, a true copy of the within Motion to Enlarge Time was served via electronic mail to the following counsel of record:

Christopher M. Lefebvre
Joseph E. Marran, III, Esquire
Law Offices of Claude Lefebvre & Sons
P.O. Box 479
Pawtucket, RI 02862

*/s/ Steven J. DeLuca*