Dean J. Wagner, Esq.

COPY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MICHAEL SOUZA AND ELIZABETH SOUZA | : | |
| VS. | : | C.A. No.: 06-0055-ML |
| DOMESTIC BANK | : | |

PLAINTIFFS' SETTLEMENT CONFERENCE STATEMENT

**I. BRIEF STATEMENT OF FACTS OF THE CASE, AND OF THE CLAIMS AND DEFENSES, I.E., THE STATUTORY OR OTHER GROUNDS UPON WHICH THE CLAIMS ARE FOUNDED:**

Plaintiffs' Complaint is filed under the Equal Credit Opportunity Act, 15 U.S.C. §§ 1691 *et seq.* (hereinafter "ECOA") which insures that financial institutions engaged in the extension of credit do so with fairness, impartiality and without discrimination on the basis of sex or marital status. Plaintiffs, subsequent to their filing a Chapter 13 Voluntary Petition in the United States Bankruptcy Court for the District of Rhode Island, received an unsolicited telemarketing call from Defendant soliciting Plaintiffs to obtain a loan to refinance their real property. On November 25, 2003 Plaintiffs applied for said loan in writing.

Defendant informed Plaintiffs that it was very interested in proceeding with the loan. It conducted appraisals of Plaintiffs' property at Plaintiffs' expense and subsequently informed Plaintiffs that the loan was approved by Defendant and, furthermore, that the $275,000.00 appraised value was within the ratios of the loan to value that they would approve.

Defendant was aware that the purpose of the loan was to allow the Plaintiffs to "buy out" of their Chapter 13 Bankruptcy Plan. On December 22, 2003 Defendant informed Plaintiffs through their bankruptcy attorney that their application for the refinance of their property had been approved in the amount of $210,000.00. A day later, Plaintiffs filed a motion with the

cc: GPS
DJW
client (via email)

Bankruptcy Court for approval to enter into a mortgage refinance with Defendant and to use the proceeds to pay off their Chapter 13 Plan. On December 31, 2003 the Bankruptcy Court granted Plaintiffs' motion to borrow. Plaintiffs reasonably relied on Defendant's subsequent representations that a closing on the loan was imminent.

On February 4, 2004, more than two months after the beginning of the loan process and more than a month after receiving a commitment letter, Defendant informed Plaintiffs over the telephone that it had had a change of heart and "did not feel comfortable" with the loan to value ratio.

On February 5, 2004 Defendant informed Plaintiff by way of a Statement of Credit Denial, Termination or Change that Plaintiffs' loan application had been rejected and, furthermore, that the rejection was based on delinquent credit obligations, garnishment, attachment, foreclosure, repossession or suit.

Plaintiffs allege in their Complaint that Defendant misrepresented the actual reasons for the denial of Plaintiffs' loan application in violation of the ECOA. Plaintiffs further allege that Defendant's misrepresentation was done wantonly, maliciously, oppressively or in reckless dis-regard of the requirements of the law thus entitling Plaintiffs to the award of punitive damages. Finally, Plaintiffs allege that, as a result of Defendant's delay in providing the notice in the time frame mandated by 15 U.S.C. § 1691(d)(1), Plaintiffs were damaged in that their refinancing fell through, their bankruptcy case was converted to a Chapter 7 case and their home which they had hoped to keep had to be sold to prevent foreclosure.

Defendant denies that it violated the Equal Credit Opportunity Act and represents that it provided proper and timely notice to Plaintiffs as required by the Act and that the notice provided to Plaintiffs reflected the true and specific reasons for denial of their consumer loan application.

The legal issues to be disputed at trial are as follows. Did Defendant violate 15 U.S.C. § 1691(d)(1) which requires a creditor to notify a credit applicant within thirty days after receipt of a completed application for credit of its action on the application? Also, did Defendant violate 15 U.S.C. §§ 1691(d)(2) and (3) which requires that each credit applicant against whom adverse action is taken shall be entitled to a statement of reasons for such action from the creditor and that a statement of reasons meets the requirement only if it contains the specific reasons for the adverse action taken if Defendant's statement misrepresented the true reasons for the adverse action and, if so, was said misrepresentation done wantonly, maliciously, oppressively or in reckless disregard of the requirements of the ECOA so as to entitle Plaintiffs to an award of punitive damages pursuant to 15 U.S.C. § 1691(e)?

**II. ITEMIZED STATEMENT OF THE DAMAGES CLAIMED, AND OF ANY OTHER RELIEF SOUGHT:**

Plaintiff seek actual damages in the amount of $225.00 representing their out-of-pocket damages for cost of an appraisal of their home which was required by Defendant bank as a necessary part of their loan application. Plaintiffs also seek statutory punitive damages in the amount of $10,000.00 for Defendant's wanton, malicious, oppressive and reckless disregard of the requirements of the Act. Plaintiffs also seek statutory interest, and costs of suit, including filing fee, service of process and Discovery costs and attorney's fees pursuant to statute.

**III. BRIEF SUMMARY OF THE PROCEEDINGS TO DATE:**

Plaintiffs' Complaint was filed on February 2, 2006. Defendant was served with a copy of the Summons and Complaint on February 6, 2006. Defendant filed its Answer to Plaintiffs' Complaint on February 27, 2006. A mandatory settlement conference was held on June 14, 2006. Pre-trial Memoranda were filed on February 26, 2007.

IV. HISTORY OF PAST SETTLEMENT DISCUSSIONS; OFFERS AND DEMANDS:

By way of correspondence dated November 9, 2005, Plaintiffs' counsel, in an effort to effect a settlement prior to the filing of suit, presented an offer of settlement to Defendant's counsel in the amount of $15,000.00 which said offer was rejected by Defendant. No counter-offer was made. Also, after suit had been filed but prior to the Mandatory Settlement Conference, Plaintiff's counsel, in correspondence dated May 17, 2006, lowered its settlement demand to $12,500.00. This offer was rejected by Defendant at the Mandatory Settlement Conference. No counteroffer was made at the Mandatory Settlement Conference. There have been no further offers nor demands made.

MICHAEL J. SOUZA AND
ELIZABETH SOUZA
By Their Attorneys
CLAUDE F. LEFEBVRE
CHRISTOPHER M. LEFEBVRE, P.C.

Joseph E. Marran III #3971
P.O. Box 479
Pawtucket, RI 02862
Tel. (401) 728-6060
Fax. (401) 728-6534

CERTIFICATION

I hereby certify that on the 16th day of March, 2007 I did send a copy of the within document by facsimile and by regular mail, postage prepaid, to Dean J. Wagner, Esq., Shechtman, Halperin & Savage, LLP, 1080 Main St., Pawtucket, RI 02860.

Joseph E. Marran III