IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MICHAEL SOUZA AND | ) | |
| ELIZABETH SOUZA | ) | |
| | ) | |
| VS. | ) | C.A. No.: 06-55ML |
| | ) | |
| DOMESTIC BANK | ) | |

**PLAINTIFFS' MEMORANDUM OF LAW**
**IN SUPPORT OF PLAINTIFFS'MOTION IN LIMINE**

**FACTS**

This matter of before this Honorable Court on Plaintiffs' trial Motion in Limine request- that the testimony of Defendant's proposed witness, Dorothy Vieira, be excluded. This memorandum of law is filed in support thereof. Plaintiffs' Complaint is filed under the Equal Credit Opportunity Act, 15 U.S.C. §§ 1691 *et seq.* (hereinafter "ECOA") which insures that financial institutions engaged in the extension of credit do so with fairness, impartiality and without discrimination on the basis of sex or marital status. Plaintiff Elizabeth Sousa, subsequent to Plaintiffs filing a Chapter 13 Voluntary Petition in the United States Bankruptcy Court for the District of Rhode Island, received an unsolicited telemarketing call from Defendant's employee and proposed witness, Dorothy Vieira, soliciting Plaintiffs to obtain a loan to refinance their real property. (See Plaintiff's, Elizabeth Souza, answer to Defendant's interrogatory (3).) According to Ms. Souza, Ms. Vieira told her that the appraisal which was conducted was within the ratios of the loan to value that the bank would approve; that the loan was approved by Domestic Bank and that Plaintiffs should expect to close by the last week of December 2003 or the first week of January, 2004. She requested that Plaintiffs, through their bankruptcy attorney, file a motion to borrow with the bankruptcy court so they could close on the loan as soon as possible. Furthermore, Ms. Vieira told Ms. Souza that the bank was trying to lower the interest rate from the original

10 ½ % fixed rate to an 8 ½% adjustable rate and "that was what was taking so long." Ms. Vieira represented to Ms. Souza in January of 2004 that the owner of the bank, Nathaniel Baker, was going to fund the loan under his name and had turned things over to his attorney to draw up the closing paperwork. She was informed that the closing was going to take place any day. She was subsequently told that Mr. Baker wanted his attorneys to send out proposals to Plaintiffs's current mortgage companies to see if they would accept a lower payoff for the closing. Most of the above recitations have been denied by Defendant.

Dorothy Vieira informed Plaintiffs that Domestic Bank was very interested in proceeding with the loan. It conducted appraisals of Plaintiffs' property at Plaintiffs' expense and subsequently informed Plaintiffs that the loan was approved by Defendant and, furthermore, that the $275,000.00 appraised value was within the ratios of the loan to value that they would approve. All of the above representations are recited in Plaintiff's, Elizabeth Souza, answer to Defendant's interrogatory (3).

Dorothy Vieira was identified by Defendant in its answers dated September 28, 2006, to Plaintiffs' interrogatories (5) and (16) as one of Defendant's employees who had contact with Plaintiffs regarding their loan application. It was stated, however, that Ms. Vieira was no longer employed by Defendant and it did not have her home address nor did it have her telephone number. Ms. Vieira was only identified as a trial witness on January 31, 2007. Discovery was already closed at that time. Her location and telephone number still have not been provided to Plaintiffs.

On December 22, 2003 Defendant informed Plaintiffs through their bankruptcy attorney that their application for the refinance of their property had been approved in the amount of $210,000.00. A day later, Plaintiffs filed a motion with the Bankruptcy Court for approval to

enter into a mortgage refinance with Defendant and to use the proceeds to pay off their Chapter 13 Plan. On December 31, 2003 the Bankruptcy Court granted Plaintiffs' motion to borrow. Plaintiffs reasonably relied on Defendant's subsequent representations that a closing on the loan was imminent.

On February 4, 2004, more than two months after the beginning of the loan process and more than a month after receiving a commitment letter, Defendant informed Plaintiffs over the telephone that it had had a change of heart and "did not feel comfortable" with the loan to value ratio. On February 5, 2004 Defendant informed Plaintiff by way of a Statement of Credit Denial, Termination or Change that Plaintiffs' loan application had been rejected and, furthermore, that the rejection was based on delinquent credit obligations, garnishment, attachment, foreclosure, repossession or suit.

Plaintiffs allege in their Complaint that Defendant misrepresented the actual reasons for the denial of Plaintiffs' loan application in violation of the ECOA. Plaintiffs further allege that Defendant's misrepresentation was done wantonly, maliciously, oppressively or in reckless disregard of the requirements of the law thus entitling Plaintiffs to the award of punitive damages. Finally, Plaintiffs allege that, as a result of Defendant's delay in providing the notice in the time frame mandated by 15 U.S.C. § 1691(d)(1), Plaintiffs were damaged in that their refinancing fell through, their bankruptcy case was converted to a Chapter 7 case and their home which they had hoped to keep had to be sold to prevent foreclosure.

Defendant, in its supplemental answer to Plaintiffs' interrogatory (8), offers proposed testimony of Dorothy Vieira to the effect that she was provided inaccurate information by Plaintiffs and their bankruptcy attorney. The legal issues presented are as follows. Did Defendant violate 15 U.S.C. § 1691(d)(1) which requires a creditor to notify a credit applicant

within thirty days after receipt of a completed application for credit of its action on the application? Also, did Defendant violate 15 U.S.C. §§ 1691(d)(2) and (3) which requires that each credit applicant against whom adverse action is taken shall be entitled to a statement of reasons for such action from the creditor and that a statement of reasons meets the requirement only if it contains the specific reasons for the adverse action taken if Defendant's statement misrepresented the true reasons for the adverse action and, if so, was said misrepresentation done wantonly, maliciously, oppressively or in reckless disregard of the requirements of the ECOA so as to entitle Plaintiffs to an award of punitive damages pursuant to 15 U.S.C. § 1691(e)?

**ARGUMENT AND LAW**

Plaintiffs would be unduly prejudiced if Dorothy Vieira is allowed to testify in that her whereabouts has been kept from Plaintiffs even to the date of the filing of this motion and well beyond Discovery deadline. Defendants must be aware of her home address and/or telephone number if she is to be presented as a witness at trial. Plaintiffs would have liked to have conducted the deposition of such an important witness.

Rule 26 of the Federal Rules of Civil Procedure places a duty upon Defendant to supplement its Discovery replies, including but not limited to the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims and defenses if additional or corrective information has not been otherwise been made known to Plaintiffs during the Discovery process or in writing. Also, Defendant is under a duty seasonably to amend a prior response to an interrogatory if the party learns that the response is in some material respect incomplete or incorrect.

An appropriate sanction, as allowed by the rules, is the exclusion of the testimony of Dorothy Vieira. In McGonagle vs. Souliere, 113 R.I. 683, 324 A.2d 667 (1974) it was held that

in some instance, in effectuating the purposes of pretrial discovery, it is a proper exercise of discretion for a trial justice to exclude the testimony of a potential witness whose identity has not been disclosed to the adverse party. In the present case, the identity of the witness was disclosed but if Plaintiffs have been denied access to her location so as to prevent them from questioning her until she takes the stand, it is tantamount to failure to disclose her identity.

**CONCLUSION**

For all of the above-stated reasons, Plaintiffs request that their motion in limine to exclude the testimony of Defendant's proposed witness, Dorothy Vieira, be granted.

MICHAEL J. SOUZA AND
ELIZABETH SOUZA
By Their Attorneys
CLAUDE LEFEBVRE
CHRISTOPHER M. LEFEBVRE, P.C
s/ Christopher M. Lefebvre #4019
/s/ Joseph E. Marran III #3971
P.O. Box 479
Pawtucket, RI 02862
Tel. (401) 728-6060
Fax. (401) 728-6534

**CERTIFICATION**

I hereby certify that on March 20, 2007, I electronically filed the within MEMORANDUM OF LAW with the Clerk of the District Court for the District of Rhode Island using the CM/ECF System. The following participants have received notice electronically:
Dean Wagener, Esq. Shechtman, Halperin & Savage, LLP; and I hereby certify that I have mailed by United States Postal Service, postage pre-paid, the document and a copy of the Notice of Electronic Filing to the following non CM/ECF participants: None.

/s/Christopher M. Lefebvre